IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WIRTZ CORPORATION d/b/a/ JUDGE & DOLPH, LTD., | ) ) ) |
| Plaintiff/Counterdefendant, | ) ) |
| v. | )   No. 10 C 2180 ) |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION 705, | ) ) ) |
| Defendant/Counterclaimant. | ) |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Wirtz Corporation (WC) d/b/a Judge & Dolph, Ltd.'s (LTD) partial motion for summary judgment. For the reasons stated below, the court grants the partial motion for summary judgment.

### BACKGROUND

LTD is a former division of WC that was previously engaged in the wholesale business of distributing wine and spirit products. Between April 1997 and March 31, 2007, LTD and Defendant International Brotherhood of Teamsters, Local Union 705 (Union 705) were allegedly parties to successive collective bargaining agreements covering LTD's delivery route drivers at LTD's Elk Grove, Illinois facility. The

1

final collective bargaining agreement was allegedly in effect from April 1, 2003 through March 31, 2007 (CBA). In a letter dated November 16, 2006 (Letter), the Union allegedly communicated to LTD an intent to terminate the CBA. According to Plaintiff, the CBA was not renewed on March 31, 2007 and was terminated.

In June 2007, LTD allegedly terminated the employment of Timothy Garvey (Garvey) and Daryl Howell (Howell), who were members of Union 705. Union 705 allegedly filed grievances on behalf of both individuals, and the parties agreed to arbitration. The arbitrator initially ordered LTD to reinstate both Garvey and Howell. At that time, LTD was allegedly no longer conducting business and therefore could not reinstate Garvey or Howell. The arbitrator issued subsequent rulings in regard to Garvey (Final Garvey Award) and Howell (Final Howell Award), ordering that the individuals receive certain compensation and that they be reinstated.

On or about July 1, 2008, Judge & Dolph, LLC (LLC) allegedly began transacting business, and by then LTD had ceased distributing products. LLC was allegedly a joint venture between WC and one of its competitors Glazer's Distributors of Illinois, Inc. (GDI). As of about July 1, 2008, the delivery route drivers of GDI were represented by the International Brotherhood of Teamsters, Local 744 (Union 744) and were parties to a collective bargaining agreement. LLC allegedly hired former LTD and former GDI delivery route drivers at its Elk Grove, Illinois facility, but LLC did not at any time assume the collective bargaining obligations of LTD or GDI. On or about August 29, 2008, LLC and Union 744

entered into a collective bargaining agreement covering LLC's drivers at the Elk Grove, Illinois facility.

Plaintiff includes in its amended complaint a claim under Section 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185 *et seq.*, seeking a vacatur of the Final Garvey Award (Count I), and a claim seeking a vacatur of the Final Howell Award (Count II). In response to the amended complaint, Union 705 filed an answer and counterclaim against LTD and LLC. In the counterclaim, Union 705 includes a claim seeking to enforce the arbitration awards entered in favor of Garvey (Count I), and a claim seeking to enforce the arbitration awards entered in favor of Howell (Count II). Plaintiff now moves for summary judgment on the counterclaim, contending that Union 705 lacks standing to bring the claims in the counterclaim.

The court notes that Plaintiff in this case is WC doing business as LTD and Union 705 has filed a counterclaim not only against LTD but also against LLC. Since LLC is not a Plaintiff in this case, a counterclaim by Union 705 against LLC is improper and is stricken. Even if the counterclaim against LLC was found to be proper, the court finds its ruling in this matter equally applicable to LLC.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any

3

material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

Plaintiff argues that, if reinstated Garvey and Howell will be a part of the LLC bargaining unit and Union 705 lacks standing to represent the interests of drivers that work at the LLC Elk Grove, Illinois facility (Drivers). Union 705 contends that Plaintiff has waived the standing objection.

I. Lack of Standing

Plaintiff contends that the majority of Drivers have decided to be represented by Union 744 and that Union 705 therefore lacks standing to prosecute the claims in

the counterclaim. Federal Rule of Civil Procedure 17 (Rule 17) provides in part that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Once a union loses the support of the majority of workers in a bargaining unit, the union loses its authority to represent that bargaining unit. *See, e.g., N. L. R. B. v. Local Union No. 103, Intern. Ass'n of Bridge, Structural and Ornamental Iron Workers, AFL-CIO*, 434 U.S. 335, 344 (1978)(stating that it is "the generally prevailing statutory policy that a union should not purport to act as the collective-bargaining agent for all unit employees, and may not be recognized as such, unless it is the voice of the majority of the employees in the unit"); *Randall Div. of Textron, Inc. v. N.L.R.B.*, 965 F.2d 141, 145 (7th Cir. 1992)(referring to the right of employees "to freely choose their own bargaining representatives, or to choose not to be represented at all, through the exercise of majority rule"); *Central States, Southeast and Southwest Areas Pension Fund v. Schilli Corp.*, 420 F.3d 663, 671 (7th Cir. 2005)(stating that a "union loses its rights upon decertification because it no longer enjoys majority support or the authority to represent the bargaining unit"); *Chicago Dist. Council of Carpenters Pension Fund v. Sorensen*, 1981 WL 2363, at *2 (N.D. Ill. 1981)(stating that in *NLRB v. Iron Workers Local 103,* 434 U.S. 335 (1978), "the Supreme Court held that where a union which admittedly lacked majority support attempted to enforce its prehire agreement by picketing, it was guilty of the unfair labor practice of picketing").

Plaintiff contends that it is undisputed that Local 705 does not represent the collective bargaining interests of Drivers. In the instant action, it is undisputed that

Drivers are now exclusively represented by Union 744. (R SF Par. 18-21). It is also undisputed that by August 11, 2008, LLC had written to Union 705 and Union 744 indicating that LLC had received signed authorization cards from 77 of 131 Drivers, which represented a clear majority, indicating that they designated Union 744 as their exclusive bargaining representative. (R SF Par. 23). It is also undisputed that on or about August 29, 2008, LLC entered into a labor agreement with Union 744 and the agreement was ratified by Drivers by a vote of 95 to 1. (R SF Par. 24-25). Thus, regardless of whether Union 705 agrees with Drivers' choice to be represented by Union 744, Drivers made their decision, and the authority to protect the collective bargaining rights of Drivers no longer belongs to Union 705. It is also undisputed that in July 2009, Union 705, Union 744, and Plaintiff ultimately entered into a "Final Settlement Agreement and Termination of Bargaining Relationship" (Settlement Agreement), under which Union 705 agreed to withdraw any demand for recognition as the bargaining representative of drivers of LTD and/or LLC and agreed that Union 744 is the exclusive bargaining representative of Drivers. (R SF Par. 28).

Union 705 contends that its continued involvement in the collective bargaining rights of Garvey and Howell will not be disruptive to labor relations. However, Plaintiff contends that Union 705 and Union 744 vigorously fought to obtain the authority to represent Drivers and that Union 744 prevailed. If Garvey and Howell are reinstated, they will be integrated into a bargaining union represented by Union 744. Thus, Union 705's continued involvement as to the collective bargaining rights

of Garvey and Howell is not consistent with the law or with the concept of labor relations. Since Union 705 does not represent a majority of Drivers, it lacks standing to bring claims on behalf of Drivers and lacks standing to bring the claims in the counterclaim.

II. Whether Standing Waived

Union 705 argues that Plaintiff waived the standing objection during the arbitration proceedings and during this litigation. In addition to the requirements of Article III standing, "there are prudential limitations on a federal court's power to hear cases." *RK Co. v. See*, 622 F.3d 846, 851 (7th Cir. 2010). One type of prudential standing limitation on parties is "the principle that the named plaintiff cannot sue in federal court to assert the rights of a third party." *Id.* Unlike Article III standing, "[p]rudential standing issues are subject to waiver." *Id.* (holding "that 'real party in interest' is a defense subject to waiver").

A. Agreement Regarding Arbitration Proceedings

According to Union 705, Plaintiff entered into the Settlement Agreement, which provides that Union 705 could prosecute the arbitrations regarding Garvey and Howell. Union 705 contends that in the Settlement Agreement, Plaintiff has waived any objection to prudential standing. However, the text of the Agreement indicates that nothing therein was to be construed to waive or release any rights. In addition,

the Settlement Agreement provides that although Union 705 would continue to represent Garvey and Howell in arbitration, "[s]hould any court . . . determine that Local Union 705 may not continue to prosecute those claims with respect to the Howell Arbitration and the Garvey Arbitration (including without limitation, bringing any action to enforce either of the arbitration awards), Local 744 agrees that it will cooperate with Local 705 to prosecute and/or enforce the same." (SAF Par. 1-2). The Settlement Agreement provides further that in such an instance, "Local 744 will then have the right to make the decisions concerning the case, including but not limited to, decisions resolving, settling and prosecuting each case." (SAF Par. 1-2). Such language reinforces Plaintiff's arguments and shows that Plaintiff did not waive its standing objection.

Union 705 also argues that Plaintiff never objected to Union 705's standing in the arbitration proceedings. However, in agreeing to Union 705's representation of Garvey and Howell in arbitration, Plaintiff did not waive its objection to prudential standing in this court.

### B. Course of Conduct in Litigation

Union 705 argues that Plaintiff, by naming Union 705 as the Defendant in this action, by not asserting the prudential standing objection as an affirmative defense, and by delaying its prudential standing objection, waived any objection to prudential standing. In regard to naming Union 705 as the Defendant in the instant action, Plaintiff indicates that it has simply named Union 705 because it was named as a party in the arbitration proceedings. Plaintiff explains that it needed to promptly

name a party in bringing this case, rather than waiting for Union 705 to decide whether it was going to seek to enforce the arbitration awards, because Plaintiff was required to file its claims to vacate the arbitration awards prior to any filing on the part of Union 705 to enforce the awards. *Roughneck Concrete Drilling & Sawing Co. v. Plumbers' Pension Fund, Local 130, UA (United Association)*, 2011 WL 1304900, at *3 (7th Cir. 2011); *Plumbers' Pension Fund, Local 130, U.A. v. Domas Mechanical Contractors, Inc.*, 778 F.2d 1266, 1268 (7th Cir. 1985). In addition, Plaintiff did not waive the prudential standing objection by not asserting it in an answer to the counterclaim. Plaintiff brought the instant motion within a reasonable amount of time after Union 705's filing of the counterclaim. Further, Plaintiff could have sought to amend its answer to include the standing objection as an affirmative defense, and based on a consideration of the pertinent factors, it would have been appropriate to grant Plaintiff leave to amend the answer. *See Jackson v. Rockford Housing Authority*, 213 F.3d 389, 392 (7th Cir. 2000)(stating that "the district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised initially"). Plaintiff's course of action promoted judicial efficiency by promptly raising the issue in a motion, rather than waiting for the conclusion of discovery or seeking to amend its answer to the counterclaim. Union 705 has not shown that it has been prejudiced in any way by the fact that the prudential standing issue was not listed as an affirmative defense in the answer to the counterclaim. Regarding Union 705's contention that Plaintiff waived the prudential standing objection by failing to raise it earlier in the litigation, Plaintiff raised the objection in

a reasonable fashion while the parties were still in the process of conducting discovery. There has been no showing of a lack of diligence or undue delay on the part of Plaintiff or prejudice to Union 705. Therefore, based on the above, Plaintiff did not waive the prudential standing objection.

III. Discovery

In response to the instant motion, Union 705 contends that it requested that the briefing on the instant motion be deferred until the close of discovery, but that the court declined to defer the briefing. The court denied the request because Union 705 showed no necessity for discovery to address the limited issue of its standing. Plaintiff has not sought to argue the merits of its claims and the partial motion for summary judgment is solely limited to the issue of whether Union 705 has standing to bring the counterclaim. The record before the court at this juncture shows that the material facts concerning the standing issue are undisputed and that further discovery is not necessary. Thus, Union 705 has not shown that it was improperly denied discovery prior to briefing the instant motion.

IV. Substitution of Union 744

Union 705 argues in the alternative that, in the event that the court finds that Union 705 lacks standing to bring the counterclaim, the court should allow Union 744 to be substituted for Union 705 in regard to the counterclaim. Rule 17 provides in part that "[t]he court may not dismiss an action for failure to prosecute in the name

of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). While in its reply, Plaintiff agrees that the appropriate action for the court to take at this juncture is to permit Union 744 to be substituted for Union 705 in regard to the counterclaim (Reply 14), since the court found that Union 705 has no standing as to the counterclaim, the court will entertain a motion for substitution by Union 744. Union 744 will be given an opportunity to substitute for Union 705 in regard to prosecuting the counterclaim. However, as Plaintiff correctly points out, if Union 744 is not willing to substitute itself for Union 705, the court should dismiss the counterclaim. In regard to the counterclaim, Union 705 is ordered to immediately notify Union 744 of this court's ruling. If Union 744 decides that it would like to be substituted as a real party in interest, Union 744 is given until June 6, 2011 to file a motion seeking substitution. If no such motion is filed by June 6, 2011, the counterclaim will be dismissed. Based on the above, the court grants Plaintiff's partial motion for summary judgment on the counterclaim on the issue of standing.

The court notes that, in its response to the instant motion, Union 705 also requested that it be awarded attorneys' fees for responding to the instant motion, apparently on the basis that the instant motion is frivolous. (Ans. 15). However, as indicated above, Union 705 lacks standing, and the instant motion is meritorious. Union 705 has not shown that it should be awarded attorneys' fees, and therefore Union 705's request is denied.

## CONCLUSION

Based on the foregoing analysis, Plaintiff's partial motion for summary judgment on the issue of standing is granted. In regard to the counterclaim, Union 744 will be given an opportunity to substitute for Union 705 by filing an appropriate motion. If no such motion is filed by June 6, 2011, the counterclaim will be dismissed.

                                                                    _____
                                                                    Samuel Der-Yeghiayan
                                                                    United States District Court Judge

Dated:   May 20, 2011